UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FREDERICK LAMONT WARNER

CIVIL ACTION

VERSUS

NUMBER 14-601-SDD-SCR

CHRYSLER GROUP, LLC, ET AL.

**RULING MOTION TO COMPEL DISCOVERY**

Before the court is a Motion to Compel Discovery filed by defendant Louisiana Dealer Services Insurance, Inc. Record document number 26. No opposition has been filed.

Defendant filed this motion to compel plaintiff Frederick Lamont Warner to respond to its Interrogatories and Request for Production of Documents served on November 10, 2014.[1] Defendant contacted the plaintiff's counsel on March 17, 2015 and requested that a Rule 37(a)(1), Fed.R.Civ.P., conference be held on March 24, 2015 to discuss the outstanding discovery requests.[2] At the conference the plaintiff's counsel informed the defendant's counsel that the discovery responses would be produced on or before April 6, 2015.[3] After no responses were received by that date, the defendant's counsel emailed the plaintiff's counsel on April 7,

---

[1] Record document number 26-2, Exhibit A; record document number 26-3, Exhibit B.

[2] Record document number 26-4, Exhibit C.

[3] Record document number 26-5, Exhibit D.

2015 to notify him that a motion to compel would be filed.[4] Defendant filed this motion to compel on May 14, 2015.

Despite the defendant's efforts to obtain his discovery responses, the plaintiff did not serve answers to interrogatories or produce responsive documents. Nor has the plaintiff responded to this motion or otherwise furnished any information indicating when his discovery responses will be provided.

In these circumstances, under Rule 37(a)(3) and (d)(1)(A), Fed.R.Civ.P., the defendant is entitled to an order requiring the plaintiff to respond and imposing sanctions. Plaintiff will be required to answer the interrogatories and produce responsive documents within 14 days. No objections will be allowed.[5]

Under Rule 37(d)(3) the court must require the party who fails to serve its discovery responses, or the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust. Rule 37(d)(3) also incorporates the sanctions available under Rule 37(b)(2)(A)(i)-(vi). Defendant's motion shows that a good faith attempt was made to obtain the discovery responses without court action. Nothing in the record indicates

---

[4] Record document number 26-6, Exhibit E.

[5] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts. *See*, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D.Miss. 1990.)

that the plaintiff's failure was substantially justified or that there are any circumstances which would make an award of expenses unjust. Therefore, the defendant is entitled to reasonable expenses under Rule 37(d)(3). Defendant did not claim a specific amount of expenses incurred in filing this motion. A review of the motion and memorandum supports the conclusion that an award of $300.00 is reasonable.

Accordingly, the Liberty Mutual Insurance Company's Motion to Compel Discovery Responses is granted. Plaintiff Frederick Lamont Warner shall serve his answers to the defendant's Interrogatories and produce documents responsive to the defendant's Request for Production of Documents, without objections and within 14 days. Pursuant to Rule 37(d)(3), the plaintiff shall pay to the defendant, within 14 days, its reasonable expenses in the amount of $300.00.

Baton Rouge, Louisiana, June 16, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE